**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUETATCHEW FIKROU,

    Plaintiff-counter-
    defendant-Appellant,

  v.

FIRST AMERICAN TRUSTEE
SERVICING SOLUTIONS, LLC;
RESIDENTIAL CREDIT SOLUTIONS,
INC.,

        Defendants-Appellees,

THE BANK OF NEW YORK MELLON,
FKA The Bank of New York, as Trustee for
the Certificate Holders of CWMBC, Inc.,
CHL Mortgage Pass-Through Trust 2007-J2
Mortgage Pass-Through Certificates, Series
2007-J2,

    Defendant-counter-claimant-
    Appellee,

 and

SUNRIDGE HEIGHTS,

        Counter-defendant.

No. 17-16940

D.C. No. 2:14-cv-00908-JCM-
GWF

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Guetatchew Fikrou appeals pro se from the district court's judgment

dismissing his diversity action alleging quiet title and declaratory relief claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for

failure to comply with a court order); *see also Dreith v. Nu Image, Inc.*, 648 F.3d

779, 786 (9th Cir. 2011) (entry of default judgment).  We affirm.

The district court did not abuse its discretion by dismissing Fikrou's action

because Fikrou failed to comply with the district court's orders to file a joint

pretrial order in compliance with the local rules after the district court warned him

that continued failure to comply would result in dismissal.  *See Pagtalunan*, 291

F.3d at 642-43 (discussing the five factors to consider in determining whether to

dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order);

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a

harsh penalty, the district court's dismissal should not be disturbed absent "a

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by entering default judgment against Fikrou on Bank of New York Mellon's counterclaim because the factors supported entry of default as a sanction for Fikrou's failure to prosecute and comply with the court's orders. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (setting forth standard of review and factors to consider before declaring a default).

The district court did not abuse its discretion by denying Fikrou's motion for reconsideration because Fikrou failed to set forth any basis for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We reject as unsupported by the record Fikrou's contentions regarding judicial bias or fraud by opposing counsel.

In light of our disposition, we do not consider the underlying merits of Fikrou's quiet title claim. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and

3                                                                              17-16940

internal quotation marks omitted)).

**AFFIRMED.**